IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-00110-PAB-BNB

EUGENE H. MATHISON,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

_____

**ORDER**
_____

This matter arises on the defendant's **Motion to Stay Discovery** [Doc. #42, filed 12/16/2013] (the "Motion"), which is DENIED.

On June 12, 2013, the defendant filed a motion to dismiss this case based on sovereign immunity [Doc. #21]. On October 29, 2013, I recommended that the motion be denied [Doc. #33]. The defendant objected to my recommendation, and it seeks a stay of the case until the district judge rules on the objection.

In considering whether to grant a stay:

> Five factors have been universally recognized as being critical to a proper balancing of the competing interests at stake. Those factors are: (1) the interests of the plaintiff in proceeding expeditiously with the civil action and the potential prejudice to plaintiffs of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

<u>Federal Deposit Ins. Corp. v. Renda</u>, 1987 WL 348635 *2 (D. Kan. Aug. 6, 1987); <u>accord</u> <u>String Cheese Incident, LLC v. Stylus Shows, Inc.</u>, 2006 WL 894955 *3 (D. Colo. March 30, 2006)(same).

The plaintiff is a prisoner and is proceeding *pro se*. He filed his Prisoner Complaint on January 17, 2013 [Doc. #1]. Thus, the case is almost one year old. Staying the case while defendant's objections to my recommendation are pending could substantially delay the ultimate resolution of the matter, with injurious consequences. In this regard, it has been argued:

> Delay is an element indigenous to many systems, and one that can have significant implications unless recognized and accounted for.
> * * *
> In the litigation context, delay is not only of practical concern, as it results in a decrease in evidentiary quality and witness availability, but also of social concern, as it is cost prohibitive and threatens the credibility of the justice system.

Mariel Rodak, *It's About Time: A Systems Thinking Analysis of the Litigation Finance Industry and Its Effect on Settlement*, 155 U. PA. L. REV. 503, 528 (2006).

The defendant argues that it has submitted objections to my recommendation that are "more than just conclusory assertions that jurisdiction is lacking" and that "[u]ntil the jurisdiction challenge is resolved, the burden on Defendant to go forward with discovery that may ultimately prove unnecessary offsets Plaintiff's interest in proceeding quickly with this action." However, motions to dismiss are denied more often than they result in the termination of a case. Consequently, without attempting to prejudge the district judge's ruling on the defendant's objection, it is more likely than not from a statistical point of view that a delay pending a ruling on the objection would prove unnecessary.

The defendant argues that because it has asserted the defense of sovereign immunity, it should not be burdened with "proceeding before justiciability is determined." Although the defendant will be burdened by discovery pending the district judge's ruling, it is unrealistic, and contrary to the normal practice in this district, to stay discovery while the defendant's objection to my recommendation is pending. To do so would significantly compound the delay in final determination on the merits of this case and is contrary to the expressed purpose of the federal rules to achieve a "just, speedy, and inexpensive determination of every action." Fed.R.Civ.P. 1.

IT IS ORDERED that the defendant's Motion to Stay Discovery [Doc. #42] is DENIED.

Dated January 3, 2014.

                                                    BY THE COURT:

                                                    s/ Boyd N. Boland
                                                    United States Magistrate Judge