IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-00110-PAB-NYW

EUGENE H. MATHISON,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

---

**ORDER**

---

This matter is before the Court on the Recommendation of United States Magistrate Judge [Docket No. 72] (the "Recommendation"). The magistrate judge recommends that the Court deny plaintiff's motion for summary judgment [Docket No. 60] and grant defendant's motion for summary judgment [Docket No. 64]. On September 15, 2014, plaintiff filed timely objections to the Recommendation. Docket No. 73.

The Court will "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In the absence of a proper objection, the Court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those

findings"). An objection is proper if it is specific enough to enable the Court "to focus attention on those issues–factual and legal–that are at the heart of the parties' dispute." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996). In light of plaintiff's pro se status, the Court construes his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).

## I. LEGAL STANDARD

Summary judgment is warranted under Fed. R. Civ. P. 56 when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). A disputed fact is "material" if under the relevant substantive law it is essential to proper disposition of the claim. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231-32 (10th Cir. 2001). Only disputes over material facts can create a genuine issue for trial and preclude summary judgment. *Faustin v. City & Cnty. of Denver*, 423 F.3d 1192, 1198 (10th Cir. 2005). An issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997).

Where "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (quoting *Adler v. Wal-Mart Stores, Inc.* 144 F.3d 664, 671 (10th Cir. 1998)) (internal quotation marks omitted). "Once the moving party meets this burden, the burden shifts to the

nonmoving party to demonstrate a genuine issue for trial on a material matter."
*Concrete Works of Colo., Inc. v. City & Cnty. of Denver*, 36 F.3d 1513, 1518 (10th Cir.
1994) (citation omitted).  The nonmoving party may not rest solely on the allegations in
the pleadings, but instead must designate "specific facts showing that there is a
genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  "To avoid
summary judgment, the nonmovant must establish, at a minimum, an inference of the
presence of each element essential to the case." *Bausman*, 252 F.3d at 1115 (citing
*Hulsey v. Kmart, Inc.*, 43 F.3d 555, 557 (10th Cir. 1994)).  "In applying this standard, we
view all facts and any reasonable inferences that might be drawn from them in the light
most favorable to the nonmoving party." *Henderson v. Inter-Chem Coal Co., Inc.*, 41
F.3d 567, 569 (10th Cir. 1994).

## II.  ANALYSIS

At all relevant times, plaintiff was an inmate at the Federal Prison Camp ("FPC")
in Florence, Colorado.  Docket No. 1 at 3.  Plaintiff brings this action pursuant to the
Federal Tort Claims Act, which waives the United States' sovereign immunity for
"personal injury . . . caused by the negligent or wrongful act or omission of any
employee of the Government while acting within the scope of his office or employment."
28 U.S.C. § 1346(b).  Plaintiff brings three claims of negligence against FPC staff
related to his alleged loss of hearing caused by the unreasonably high volume of FPC's
public address ("PA") system.  *See id.*  Additional relevant facts are set forth in detail in
the Recommendation, *see* Docket No. 72 at 3-5, and will not be recited here except as
relevant to the Court's de novo review.

The magistrate judge found, based on plaintiff's representations in his response to defendant's motion, that plaintiff has abandoned his first two negligence claims.[1] Docket No. 72 at 6.  Plaintiff did not object to this holding.  *See* Docket No. 73.  The Court has reviewed this aspect of the Recommendation and is satisfied that there is "no clear error on the face of the record."[2]  Fed. R. Civ. P. 72(b) Advisory Committee Notes.

Plaintiff's remaining claim for relief alleges that FPC staff was negligent in resolving the unsafe noise levels of the PA system.  *See* Docket No. 1 at 11.  "The elements of a negligence claim consist of the existence of a legal duty by the defendant to the plaintiff, breach of that duty by the defendant, injury to the plaintiff, and a sufficient causal relationship between the defendant's breach and the plaintiff's injuries."  *Connes v. Molalla Transp. Sys., Inc.*, 831 P.2d 1316, 1320 (Colo. 1992) (citations omitted).

The Recommendation found that defendant owed plaintiff a duty and that a genuine dispute of fact exists as to whether or not defendant breached that duty. Docket No. 72 at 7-9.  The Recommendation found, however, that plaintiff did not submit evidence of a causal relationship between defendant's conduct and plaintiff's injury sufficient to create a dispute of material fact.  *Id.* at 13-15.  Specifically, the

---

[1]Plaintiff's first claim, "Negligence of employees of the [FPC] at Florence, Colorado, resulted in the loss of hearing of Plaintiff," alleged that in 2011 FPC staff turned up the volume on the PA system to the point where it became physically harmful.  Docket No. 1 at 6.  Plaintiff's second claim is for "Negligence on the part of employees of the BOP in the placement and location of the P.A. system loudspeakers." *Id.* at 10.

[2]This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review.  Fed. R. Civ. P. 72(b).

Recommendation found that plaintiff was required to provide expert testimony on causation, and that plaintiff submitted only evidence that tended to show a temporal relationship between the increase in PA system volume and his hearing loss. *Id.* at 13-14 (citing *Lynch v. L'Oreal USA S/D, Inc.*, No. 11-cv-01343-RBJ-MWJ, 2012 WL 4356231 (D. Colo. Sept. 24, 2012)).  Plaintiff argues in his objection that a lay witness is competent to testify concerning his injuries.  Docket No. 73 at 3 (citing *Lynch*, 2012 WL 4356231 at *3).  Plaintiff further points to the numerous sworn declarations that he submitted in support of the temporal connection between his hearing loss and the increase in volume of the PA system.  Docket No. 73 at 3.

Although plaintiff submitted numerous declarations from his family members and from inmates at FPC, *see* Docket No. 60 at 17, 22-25, those declarations address only the fact of plaintiff's hearing loss and its temporal proximity to defendant's alleged negligent conduct.  Plaintiff does not submit evidence from a competent medical expert that shows that his injuries were caused by the volume of the PA system at FPC.

In the Tenth Circuit, "where injuries complained of are of such character as to require skilled and professional persons to determine the cause and extent thereof, they must be proved by the testimony of medical experts[.]" *Franklin v. Shelton*, 250 F.2d 92, 97 (10th Cir. 1957).  While a lay plaintiff is competent to testify about the injury itself and any resultant suffering, *id.* at 98, "causation opinion can only be rendered on the basis of specialized knowledge held by an expert qualified by medical education." *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1221 (D. Kan. 2007).

Plaintiff's evidence supports only a temporal connection between his hearing

loss and FPC staff's decision to turn up the volume on the prison's PA system. The Court, however, "is not permitted to . . . rely on the temporal relationship by itself as evidence of causation." *Goebel v. Denver and Rio Grande Western R.R. Co.*, 346 F.3d 987, 999 (10th Cir. 2003). Plaintiff stresses that the declarations number nearly a dozen, Docket No. 73 at 3, but plaintiff cannot cure a lack of medical evidence of causation simply by submitting a large volume of evidence to support temporal proximity. Accordingly, the Court finds no error with the Recommendation's finding that plaintiff has not met his burden of showing a genuine dispute of material fact on the element of causation.[3]

## III. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 72] is **ACCEPTED**. It is further

**ORDERED** that plaintiff Eugene H. Mathison's Motion for Summary Judgment [Docket No. 60] is **DENIED**. It is further

**ORDERED** that defendant the United States of America's Motion for Summary

---

[3]Plaintiff objects at length to the conclusions of defendants' expert, Dr. Wayne. *See* Docket No. 73 at 5-10. Plaintiff also filed a reply in support of his objection, in which he argued that Dr. Wayne's expert opinion was based on a "spurious document" provided by defendant's counsel. *See* Docket No. 76 at 2. Defendant's counsel moved for leave to file a surreply to rebut plaintiff's accusation. *See* Docket No. 77. The Court need not address these issues. The Recommendation did not rely on Dr. Wayne's expert opinion. The magistrate judge reached his finding due to plaintiff's lack of competent evidence of causation. *See* Docket No. 72 at 14-15. As explained in this order, that lack of evidence is fatal to plaintiff's negligence claim, for which plaintiff bears the burden of persuasion at trial.

Judgment [Docket No. 64] is **GRANTED**.  It is further

ORDERED that defendant the United States of America's Motion for Leave to

File Surreply [Docket No. 77] is **DENIED** as moot.  It is further

ORDERED that plaintiff Eugene H. Mathison's Unopposed Request to Submit for

Decision [Docket No. 83] is **DENIED** as moot.  It is further

ORDERED that, within 14 days of the entry of judgment, defendant may have its

costs by filing a bill of costs with the Clerk of the Court.  It is further

ORDERED that this case is dismissed in its entirety.


DATED February 26, 2015.

BY THE COURT:


s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge